CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHs
JAN 21 2010
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIHAD CHASE, et al., Plaintiffs, | Civil Action No. 7:10-cv-00021 |
| v. | **MEMORANDUM OPINION** |
| HARLEY LAPPIN, et al., Defendants. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Plaintiffs Jihad Chase, Ray Blanchard, Michael L. Taylor, Jr., Gregory L. Jones, Gershom Canady, Pearlie Johnson, Stephen Simms, and Melvin Young filed a complaint seeking class action status against defendants Harry Lappin, Director of the Federal Bureau of Prisons ("BOP"), and Terry O'Brien, Warden of the United States Penitentiary in Lee County, Virginia ("USP Lee"). Plaintiffs argue that the defendants violated their constitutional right to be free from cruel and unusual punishment. Specifically, plaintiffs complain that their cells are unsanitary because the cells are not disinfected between inmates' transfers into and out of the cells, only correctional officers are able to flush the toilets, and wastes are often left inside the toilet for hours.

A.

As a preliminary matter, plaintiffs request appointment of counsel. Plaintiffs have not offered proof their indigence, pursuant to 28 U.S.C. § 1915(b). While I may request counsel to represent an indigent litigant under § 1915(e)(1), I do not have authority under that section to require an attorney to represent an indigent, civil plaintiff because I do not have authority to compensate counsel for the work done on such a case. See Mallard v. United States District Court, 490 U.S. 296, 309 (1989) (applying prior version of § 1915(d)); Ivey v. Harney, 47 F.3d 181, 185 (7th Cir. 1995) ("We know from [Mallard] that a court may not order even a member of

its bar to donate services to a plaintiff in an action under 42 U.S.C. § 1983."). However, under exceptional circumstances, I have discretion to <u>request</u> an attorney to represent an indigent, civil plaintiff. <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has identified two factors to be considered in determining whether such exceptional circumstances exist in a given case: (1) the type and complexity of the case and (2) the ability of the individual to present it. <u>Mallard</u>, 490 U.S. at 309; <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated on other grounds</u>.

Plaintiffs argue that I should appoint counsel for them in this case because they are poor, imprisoned, and not familiar with the legal system. I find that these circumstances, which virtually every inmate could assert, are not sufficiently exceptional to justify appointment of counsel in this case. Accordingly, I deny plaintiffs' motion to appoint counsel. Plaintiffs may renew their motion for appointment of counsel in the event that this case is set for a hearing or trial.

B.

Plaintiffs also move for certification of a class action on behalf of other segregated inmates at USP Lee. While class actions are appropriate in § 1983 litigation, <u>Kirby v. Blackledge</u>, 530 F.2d 583, 588 (4th Cir.1976), a class cannot be certified if a <u>pro se</u> litigant purports to act as a representative of the class, <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir.1975). <u>See</u> Fed. R. Civ. P. 23(a)(4) (requiring class members to fairly and adequately protect the interests of the class). Accordingly, the <u>pro se</u> plaintiffs can not bring this suit as a class action, and I deny their motion for class action certification.

C.

Nonetheless, I will consider the complaint as an suit brought pursuant to 42 U.S.C. § 1983. Inasmuch as the other named plaintiffs have submitted declarations under penalty of perjury stating their claims and their desire to join this action as plaintiffs, I will join them as plaintiffs. However, a pro se plaintiff is required to personally sign his name and provide his address on "every pleading, written motion, and other paper" submitted to the court. Fed. R. Civ. P. 11(a). Moreover, Rule 11(b) requires that:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Id. 11(b). I may impose sanctions, including fines, penalties, or other non-monetary directives, if Rule 11(b) is violated. Id. 11(c).

The complaint is clearly authored by only one plaintiff, Jihad Chase, who hand-wrote the names of all the other plaintiffs at the end of the complaint. Pursuant to Rule 11(a), I must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. Plaintiffs are advised that plaintiffs Ray Blanchard, Michael L. Taylor, Jr., Gregory L. Jones, Gershom Canady, Pearlie Johnson, Stephen Simms, and Melvin Young did not sign the complaint as required. Accordingly, the plaintiffs are required to resubmit one complaint with

their signatures in compliance with the Federal Rules of Civil Procedure.[1] Plaintiffs are advised that the court will not accept numerous complaints; for the action to proceed with multiple plaintiffs, the plaintiffs must sign the jointly-submitted complaint and "every pleading, written motion, and other paper" submitted to the court.[2] A plaintiff who fails to sign a refiled complaint or files a motion to withdraw as a plaintiff will have his claims dismissed without prejudice, will be terminated as a party, and will not be assessed the $350 filing fee. Upon the expiration of the time to file a proper pleading, each remaining plaintiff will be individually assessed a $350 filing fee.[3]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiffs.

**ENTER**: This 21st day of January, 2010.

Senior United States District Judge

---

[1] The refiled complaint will replace the original complaint submitted without the proper signatures. Plaintiffs, however, do not need to refile their exhibits and additional motions they submitted with the original complaint.

[2] Moreover, I will strike any future pleading, motion, and other paper that is not signed by each plaintiff because I am presently calling the plaintiffs' attention to this rule and to permit plaintiffs a subsequent opportunity to correct each and every unsigned document would encourage dilatory behavior and frustrate the court's authority to control litigation before it.

[3] If the court grants each plaintiff leave to proceed in forma pauperis, each plaintiff is still responsible for paying his $350 filing fee in full via installments from his inmate trust account. Any plaintiff not granted leave to proceed in forma pauperis will be required to pay the $350 filing fee in full with one payment.